IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> LUIS HOMMY RODRIGUEZ VAZQUEZ <br> RUTH JACQUELINE CRUZ MERCED <br> *Debtors* <br><br><br> LUIS HOMMY RODRIGUEZ VAZQUEZ <br> RUTH JACQUELINE CRUZ MERCED <br> *Plaintiffs* <br><br> v. <br><br> USDA RURAL HOUSING SERVICE and <br> ALEJANDRO OLIVERS RIVERA (Trustee) <br> *Defendants* | CASE NO. 20-03819MCF13 <br> CHAPTER 13 <br><br><br><br><br> ADV. PROC. NO. 21-00024 MCF |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT**

**COMES NOW**, the USDA Rural Housing Service, by and through the undersigned attorney, and very respectfully states and prays as follows:

1. On December 8, 2021, Plaintiffs filed, through counsel of record, a *Motion for Summary Judgment* under 56(a) of the *Federal Rules of Civil Procedure* requesting the Court to declare that the Defendant does not hold a perfected security lien on the Debtors' real property.

2. Defendant herein is aware that "[w]ithout the recording, a creditor only has an unsecured personal obligation regarding the underlying debt." *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 121 (1st Cir. 2011; *Roig Commercial Bank v. Dueño*, 617 F. Supp. 913, 915 (D.P.R. 1985) (failure to promptly record the mortgage deed turned the promissory note into

a personal obligation, unsecured, solely enforceable against the maker.'); *Benavides Posada v. Banco Popular de Puerto Rico*, 574 B.R. 32 (U.S. Bankruptcy Court DPR 2017).

3. Defendant does not contest the validity of *Exhibit E* submitted to the Court by Plaintiffs, which is a copy of a *Certificate of Real Property*, dated December 16, 2020, issued by the Property Registrar Honorable Ana L. Robles Alago.

4. At present, thus, the property at issue is not encumbered by the Defendant's Mortgage Deed Number 12, because the same has not been recorded due to a defect that has not been corrected and has prevented its recordation.

5. In light of the above and the record of the case before the Court, there is no dispute as to the fact that the property at issue is not encumbered by Defendant's Deed Number 12. Defendant, thus, does not hold a valid security of the property at this juncture. The property still remains registered under the name of the previous owners and not under the names of Plaintiffs nor Defendant. The defects in the deed, reason for which it has not been registered, and, consequently, the successive claim of ownership issue impede the Defendant to claim legally at this juncture a perfected security/mortgage lien in the property at issue.

6. Recognizing the non-existence of material factual disputes after thoroughly considering all evidence on record, and the applicable law and jurisprudence, Defendant agrees that a summary judgment as a matter of law may be entered by the Court, under 56(a) of the *Federal Rules of Civil Procedure*.

**WHEREFORE,** the United States respectfully prays this Honorable Court to note the above response and enter a summary judgment in the instant case.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this January 12, 2022.

W. STEPHEN MULDROW
United States Attorney

***s/Desirée Laborde-Sanfiorenzo***
Desirée Laborde-Sanfiorenzo
USDC-PR No. 208110
Assistant United States Attorney
U.S. Attorney's Office
Torre Chardón, Suite 1201
# 350 Carlos Chardón Ave.
Hato Rey, PR 00918
Email: desiree.laborde@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and is notified to counsels of record.

***Desirée Laborde-Sanfiorenzo***
Desirée Laborde-Sanfiorenzo - 208110
Assistant U.S. Attorney